OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**

U<small>NITED</small> S<small>TATES</small> C<small>OURT OF</small> A<small>PPEALS</small>
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



February 7, 2025

Arthur J. Abramowitz, Esq.
Nicholas A. Aquart, Esq.
Jeffrey E. Bjork, Esq.
Joseph Capobianco, Esq.
Paul D. Clement, Esq.
Christina M. Craige, Esq.
G. David Dean, Esq.
E. Richard Dressel, Esq.
Carlton E. Forbes, Esq.
Andrew J. Gallo, Esq.
Seth Goldman, Esq.
Patrick Hayden, Esq.
Bryan M. Killian, Esq.
Matthew L. Kutcher, Esq.
Evan M. Lazerowitz, Esq.
Jeremiah P. Ledwidge, Esq.
Rex Manning, Esq.
Rachel Miller-Ziegler, Esq.
Madeleine Parish, Esq.
Todd E. Phillips, Esq.
Amy C. Quartarolo, Esq.
Adam S. Ravin, Esq.
C. Harker Rhodes IV, Esq.
Michael D. Sirota, Esq.
Cullen D. Speckhart, Esq.
Benjamin B. Sweeney, Esq.
Clay Thompson, Esq.
Warren A. Usatine, Esq.
Felice C. Yudkin, Esq.

RE: In re: In Re: Whittaker Clark & Daniels
Case Number: 24-2210/24-2211/25-1044
District Court Case Number: 23-bk-13575
District Court Case Number: 3:23-cv-04151
District Court Case Number: 3:23-cv-04156

Dear Counsel:

The parties in Nos. 24-2210 & 24-2211 are directed to submit supplemental briefing (by letter or otherwise) addressing the following questions:

1. Whether a bankruptcy petition that is improperly filed under governing non-bankruptcy law poses a limitation on a bankruptcy court's subject matter jurisdiction. See Price v. Gurney, 324 U.S. 100, 106-07 (1945).

2. Whether the South Carolina court's statement during the April 18, 2023 hearing on Appellee's motion for reconsideration, stating "I'm well aware, that was the main factor in my signing the order so quickly is that I wanted to be sure that something other than kind of amorphous organization I wasn't quite sure about in terms of asset picture, control or anything else would not simply declare bankruptcy and that entity would still be controlling things," JA 423, has any relevance to the interpretation of the Receivership Order, and, if so, whether that Order is either:

a. inconsistent with federal public policy, cf. In re Intervention Energy Holdings, LLC, 553 B.R. 258 (Bankr. D. Del. 2016); In re Trans World Airlines, Inc., 275 B.R. 712 (Bankr. D. Del. 2002), or

b. is preempted, cf. Howell v. Howell, 581 U.S. 214, 222 (2017) (recognizing that federal law can preempt state court orders); In re Sino Clean Energy, Inc., 901 F.3d 1139, 1142 (9th Cir. 2018); Cent. States Se. & Sw. Areas Pension Fund v. Howell, 227 F.3d 672, 675 (6th Cir. 2000).

The briefs shall be no longer than 3,000 words and shall be submitted on or before February 28, 2025. To the extent that parties agree on the answer to these questions, they are encouraged to collaborate on joint briefs rather than submitting individual ones.

Very truly yours,

PATRICIA S. DODSZUWEIT
Clerk

By:

Khadija Younger
Calendar Clerk
267-299-4914